IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. MICHAEL TRAIG PRIDE, **Defendant.** | Case No. 22-CR-159-JFH |

## OPINION AND ORDER

Before the Court is a Motion to Dismiss Indictment ("Motion") filed by Defendant Michael Traig Pride ("Defendant"). Dkt. No. 32. The United States of America ("Government") filed a response in opposition [Dkt. No. 34] and, after seeking leave, Defendant filed a reply [Dkt. No. 40]. For the following reasons, Defendant's Motion [Dkt. No. 32] is GRANTED and the indictment [Dkt. No. 2] is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On November 10, 2022, the Government filed an indictment charging Defendant with five counts: (1) Child Neglect in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 21 O.S. § 843.5(C); (2) Involuntary Manslaughter in Indian Country, in violation 18 U.S.C. §§ 1112, 1151, and 1153; (3) Child Neglect in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 21 O.S. § 843.5(C); (4) Involuntary Manslaughter in Indian Country, in violation of 18 U.S.C. §§ 1112, 1151, and 1153; and (5) Involuntary Manslaughter in Indian Country, in violation of 18 U.S.C. §§ 1112, 1151, and 1153. This case is set on the Court's July 31, 2023 jury trial docket. Dkt. No. 44.

According to the briefs submitted by the parties, on May 11, 2022, Defendant was driving his vehicle westbound on U.S. Highway 271 in LeFlore County, within the Eastern District of

Oklahoma. Dkt. No. 32 at 2. Defendant had three passengers in his vehicle: his fiancée, C.U., his four-year-old daughter, A.L.P., and his nine-month-old daughter, A.R.P. *Id*. Defendant and C.U. were not wearing seatbelts and A.L.P. and A.R.P. were not restrained in appropriate car seats. *Id*. A vehicle traveling eastbound exited left off U.S. Highway 271, crossing the westbound lane of traffic in front of Defendant's vehicle. *Id*. Defendant swerved into the eastbound lane to avoid the vehicle, then attempted to return his vehicle to the westbound lane. Dkt. No. 32 at 2. Defendant's vehicle left the roadway and flipped over several times. *Id*. C.U., A.L.P., and A.R.P. were ejected from the vehicle and died at the scene. *Id*. Upon investigation, it was discovered that Defendant was driving without a proper driver's license. *Id*. Defendant's blood alcohol level was determined to be below the legal limit under Oklahoma law, and no other illegal substances were found in his system. Dkt. No. 32 at 3.

## ARGUMENT AND AUTHORITIES

Defendant's Motion seeks to dismiss the indictment under various theories. Dkt. No. 32. First, Defendant seeks to dismiss Counts One through Five, arguing that these counts are insufficient to put Defendant on fair notice of the crimes charged. *Id*. at 1. Defendant also seeks to dismiss Counts One and Three, arguing improper assimilation of the Oklahoma statute for child neglect. *Id*. Next, Defendant argues that Counts One through Four should be dismissed because they are multiplicitous. *Id*. Finally, Defendant argues that Counts One and Three should be dismissed because the Oklahoma statute for child neglect is unconstitutionally vague. Dkt. No. 32 at 1.

### I.   Sufficiency of the Indictment

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant

to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). "An indictment that sets forth the words of the statute generally is sufficient so long as the statute itself adequately states the elements of the offense." *Dashney*, 117 F.3d at 1205 (internal citations omitted). "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009) (emphasis added).

### a. Counts Two, Four, and Five – Involuntary Manslaughter Charges

Regarding Counts Two, Four, and Five, Defendant argues that the indictment is insufficient because it does not put him on fair notice of the charges against him. Dkt. No. 32 at 6. Specifically, Defendant argues that the indictment fails as to these counts because it does not set forth the "nature of the illegal activity" which underlies the involuntary manslaughter charges. *Id*. This Court agrees.

Counts Two, Four, and Five charge Defendant with involuntary manslaughter. Dkt. No. 2. Involuntary manslaughter is:

> [t]he unlawful killing of a human being without malice . . . [i]n the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.

18 U.S.C. § 1112(a). Counts Two, Four, and Five track the language of § 1112, charging that Defendant "did unlawfully kill [A.L.P., A.R.P. and A.U.], while in the commission of an unlawful act not amounting to a felony, and in the commission in an unlawful manner, and without due caution and circumspection, of a lawful act which might produce death." Dkt. No. 2 at 1-3. Generally, an indictment is sufficient where it sets forth the words of the statute. *Dashney*, 117

3

F.3d at 1205. However, setting forth the words of the statute is not sufficient where the statute itself does not adequately state the elements of the offense and the indictment does not set forth the nature of the illegal activity. *Id.*; *see also Doe*, 572 F.3d at 1173-74.

Here, simply alleging the words of the statue is not sufficient because the Government must also prove that Defendant committed an unlawful act or that the Defendant committed a lawful act in an unlawful manner or without due caution and circumspection. This is an essential element of the crime. *See* Tenth Circuit Pattern Jury Instructions Criminal § 2.54.1, at 185 (2011) (Involuntary Manslaughter); *see also United v. McMillan*, 820 F.3d 251, 257 (8th Cir. 1987) (agreeing with counsel that "commission of an underlying unlawful act was a necessary element" of involuntary manslaughter). Indeed, as Defendant points out, the Tenth Circuit suggests that the jury instruction for involuntary manslaughter should "indicate the unlawful act . . . *as charged in the indictment*." Dkt. No. 32 at 8-9 (citing Tenth Circuit Pattern Jury Instructions Criminal § 2.54.1, at 185 (2011) (Involuntary Manslaughter) (emphasis added)). Likewise, other circuit courts also generally require that the specific lawful or unlawful act that underlies the involuntary manslaughter charge be set forth in the indictment. *See e.g., United States v. Opsta*, 659 F.2d 848, 849 (8th Cir. 1981) (unlawful act described in the indictment as "failing to pass on the right side of the highway an oncoming vehicle which was proceeding in the opposite direction"); *United States v. Pardee*, 368 F.3d 368, 371 (4th Cir. 1966) (unlawful act described in the indictment as "driving on the wrong side of the road"); *see also United States v. Laude*, 208 Fed. Appx. 680, 683 (10th Cir. 2006) (lawful act described in the indictment as "operat[ing] a motor vehicle without due caution and circumspection") (unpublished).

The Government's response alleges several "unlawful acts" that Defendant committed on the day of the charged crime, such as speeding, not wearing a seatbelt, not properly securing child

4

passengers in a child passenger restraint system, and operating a vehicle without a valid driver's license. Dkt. No. 34 at 2-3. Likewise, it appears from the Government's response that the "lawful act" is likely operating a vehicle. *Id*. However, as the Government points out, an indictment should be tested solely on the basis of the allegations made on its face. Dkt. No. 34 at 3 (citing *United States v. Powell*, 767 F.3d 1026, 1031 (10th Cir. 2004)). Here, the face of the indictment does not set forth any allegations whatsoever regarding lawful or unlawful acts underlying the involuntary manslaughter charges.

Although Defendant is "not entitled to know all the evidence the [G]overnment intends to produce" by an indictment, Defendant is entitled to know "the theory of the [G]overnment's case." *United States v. Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988) (emphasis removed) (citing *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir.), *cert. denied*, 444 U.S. 979 (1979)). As currently charged, Defendant, like the Court, is left to guess the Government's theory of the case as to Counts Two, Four, and Five. Accordingly, Counts Two, Four, and Five fail to put Defendant on fair notice of the charges against which he must defend and are, therefore, insufficient.

### b. Counts One and Three – Child Neglect Charges

Defendant also argues that Counts One and Three fail to put him on fair notice of the charges against him. Dkt. No. 32 at 10. Specifically, Defendant argues that the indictment fails as to these counts because it fails to allege from what "harm and threatened harm" Defendant failed to protect his children and to what "illegal activities" Defendant exposed his children. *Id*. at 11. Again*,* for the reasons discussed above, this Court agrees.

Counts One and Three charge Defendant with child neglect pursuant to 21 O.S. § 843.5(C), which is "the willful or malicious neglect . . . of a child under eighteen (18) years of age by a

person responsible for a child's health, safety, and welfare." 21 O.S. § 843.5(O)(2).  Neglect, is defined as:

    (1)    the failure or omission to provide any of the following:

        (a)    adequate nurturance and affection, food, clothing, shelter, sanitation, hygiene, or appropriate education,

        (b)    medical, dental, or behavioral health care,

        (c)    supervision or appropriate caretakers to protect the child from harm or threatened harm of which any reasonable and prudent person responsible for the child's health, safety or welfare would be aware, or

        (d)    special care made necessary for the child's health and safety by the physical or mental condition of the child,

    (2)    the failure or omission to protect a child from exposure to any of the following:

        (a)    the use, possession, sale, or manufacture of illegal drugs,

        (b)    illegal activities, or

        (c)    sexual acts or materials that are not age-appropriate, or

    (3)    abandonment.

10A O.S. § 1-1-105(49).  Counts One and Three track the language of the statute, charging that Defendant failed and omitted to provide his children with adequate and appropriate supervision and that he exposed his children to illegal activities.  Dkt. No. 2 at 1-2.  However, like the involuntary manslaughter counts, the child neglect counts also fail to set forth the nature of the illegal activity.  For example, the indictment alleges that Defendant failed to protect his children from exposure to illegal activities.  To succeed on this theory of liability, the Government must

6

prove that illegal activity actually occurred. While the Government's response alleges various possibilities for "illegal activity," the face of the indictment does not. Without setting forth the nature of the illegal activity, Counts One and Two fail to put Defendant on fair notice of the charges against him and, therefore, are insufficient. *Cf. United States v. Keys*, Case No. 21-CR-332-RAW, 2022 WL 1572495 at *3 (E.D. Okla. May 18, 2022) (finding that the government adequately alleged the nature of the illegal activity in a child neglect charge by specifically alleging that defendant delayed medical care, fabricated the child's symptoms to health care providers, failed to provide proper maintenance to the child's feeding system, and failed to provide proper sanitation).

## CONCLUSION

Because the Court finds that Counts One through Five of the indictment are insufficient, it need not address Defendant's remaining arguments. Further, the Court finds that this deficiency cannot be cured by a bill of particulars. *See United States v. Russell*, 369 U.S. 749, 770 (1962) (holding that "[t]o allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection . . . [the] grand jury was designed to secure.").

IT IS THEREFORE ORDERED that the Motion to Dismiss Indictment [Dkt. No. 32] is GRANTED.

IT IS FURTHER ORERED that the indictment [Dkt. No. 2] is DISMISSED WITHOUT PREJUDICE.

DATED this 25th day of May 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE